# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 3:02-CR-19 (HL) |
| WILLIAM H. COX, JR., | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant William H. Cox, Jr.'s Motion to Dismiss, Alter, or Amend Criminal Fine (Doc. 43). After consideration, the Court denies the Motion, as more fully set forth below.

## I. BACKGROUND

On March 6, 2003, Defendant entered a guilty plea to Count One of the Indictment. He was sentenced to 87 months imprisonment and fined $10,000. According to Defendant's Motion, he has completed his sentence but has not paid the fine. His only income is from Social Security in the amount of $961, and his medical condition makes it impossible for him to obtain work. He faces numerous financial obligations, and is unable to pay the fine.

Defendant contends that a reduction or elimination of the fine is available to

him under 18 U.S.C. § 3742, the "newly available retroactive application of Kimborough [v. United States, 128 S. Ct. 558 (2007)] and Gall [v. United States, 128 S. Ct. 586 (2007)], and also the applicable portions of 18 U.S.C. 3553(a)(1)." Mot. Dismiss Fine at 1-2. As detailed below, however, none of these authorities provide the Court with the power to amend Defendant's fine.

Federal law grants district courts the authority to alter a fine imposed during sentencing in only very limited circumstances:

> Notwithstanding the fact that a sentence to pay a fine can subsequently be–
> (1) modified or remitted under section 3573;
> (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> (3) appealed and modified under section 3742;
> a judgment that includes such a sentence is a final judgment for all other purposes.

18 U.S.C. § 3572(c).

Although Defendant invokes § 3742, there is nothing in that statute that would apply to his circumstances. In addition, § 3553 identifies factors that a court considers in imposing a sentence, but it does not provide any authority to modify a judgment after it has become final. Finally, Kimborough and Gall do not address the ability of a district court to modify a final judgment.

"Current federal law simply provides [defendant] with no basis to ask the sentencing court to alter his fine." United States v. Lambert, No. 05-2228, 2006 WL 26167, at *1 (7th Cir. Jan. 5, 2006). As this Court has no authority to modify the

2

judgment already imposed, Defendant's request to dismiss, alter, or amend the fine levied against him is denied.

**SO ORDERED**, this the 3rd day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch